UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| EDUARDO SANTOS ) | Case No. 11-17783-BFK |
| ) | Chapter 7 |
| Debtor ) | |
| ) | |
| THE CREDIT EXPERTS, LLC, *et al.* ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | Adversary Proceeding No. 11-01680 |
| ) | |
| EDUARDO SANTOS ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the Motion of the Plaintiffs, The Credit Experts, LLC, Alan S. Toppelberg, and Susan J. Malbin, for Summary Judgment (Docket No. 10), and the Opposition of the Defendant, Eduardo Santos (Docket No. 15). The Court has heard the argument of counsel, and reviewed the pleadings in support of and against the Motion. For the reasons stated below, the Motion will be granted in part, and denied in part.

**Findings of Fact**

This is an action for a declaration of non-dischargeability of certain debts, pursuant to Bankruptcy Code Sections 523(a)(4) (Counts I, II, III, IV, a portion of Count V, and Count VI), and 523(a)(6) and (7) (Count V). The Complaint alleges that The Credit Experts, LLC, is a

1

Virginia limited liability company. Complaint, ¶ 3.[1] The Debtor is alleged to have been a one-third owner of the company, Complaint, ¶ 6, which he denies. Answer, ¶ 6. In addition, the Plaintiff alleges that Mr. Toppelberg and Ms. Malbin each owned one-third of the company. Complaint, ¶ 3. Again, this is denied. Answer, ¶ 3.

Prior to the Debtor's bankruptcy petition, The Credit Experts, LLC, Mr. Toppelberg, and Ms. Malbin filed suit against Mr. Santos in the Circuit Court of Prince William County, Virginia, for wrongs that they claim Mr. Santos committed while a member of the company. Complaint, ¶ 12. Mr. Santos appeared by counsel in the action, through whom he filed an Answer, Grounds of Defense, and Countersuit. Order, p. 2.[2] The matter was set for a trial on the merits on February 14, 2011. *Id.* Mr. Santos failed to appear for trial on that date. *Id.* The Court confirmed his knowledge of the trial date, and then heard evidence and testimony in support of the Plaintiffs' claims. *Id.* At the conclusion of the evidence, the Court entered an Order granting Judgment in favor of the Plaintiffs, and against Defendant Santos and others, as follows:

> It appearing to the Court from the evidence and testimony taken at trial that; [sic] it is hereby
>
> ADJUDGED, ORDERED and DECREED that judgment is awarded in favor of Plaintiffs, Alan Toppelberg and Susan Malbin, against Defendant, Eduardo Santos, in the sum of Two Thousand Eight Hundred and Fifty Dollars ($2,850.00) for the theft of certain office equipment; and it is further
>
> ADJUDGED, ORDERED and DECREED that judgment be entered in favor of Plaintiff, The Credit Experts, LLC and against Defendants Eduardo Santos, Dustin Swartz and Christopher Cerquoz for their proven conspiracy and breach of their fiduciary duty. The damages assessed are:

---

[1] The Defendant denied this allegation in his Answer. Answer, ¶ 3. Notwithstanding this denial, the Court will treat the allegations of the Complaint in the light most favorable to the non-moving party, Mr. Santos. *See* Part 3, Breach of Fiduciary Duty, below.

[2] References to the "Order" are to the final judgment Order of the Circuit Court of Prince William County, dated March 8, 2011, and attached as an exhibit to the Plaintiffs' Motion for Summary Judgment.

    (1)    Twenty-Four Thousand One Hundred Sixty-Nine Dollars ($24,169.00) for the knowing embezzlement of funds from the bank account of The Credit Experts, LLC in breach of their fiduciary duty; and

    (2)    Eighteen Thousand Six Hundred Seventy-Six Dollars ($18,676.00) for the knowing and wrongful theft of clients from The Credit Experts, LLC by Defendants in breach of their fiduciary duty; and

    (3)    Nine Hundred Ninety-Nine Dollars ($999.00) for getting a new database put together as the database of The Credit Experts, LLC was taken by Defendants in breach of their fiduciary duty; and

    (4)    That said damages be and hereby are trebled against Defendants, Eduardo Santos, Dustin Swarts and Christopher Cerquoz, for their conspiracy in violation of Virginia Code Section 18.2-500. Said Trebled damages total One Hundred Thirty-One Thousand Five Hundred Thirty-Two Dollars ($131,352.00).

ADJUDGED ORDERED and DECREED that Plaintiff, the Credit Experts, LLC, is to recover from said Defendant, Eduardo Santos, the sum of Two Thousand Five Hundred Dollars ($2,500.00) pursuant to violation of Judge Farris' Order of November 2010….

Order, March 8, 2011, pp. 2-3.

Mr. Santos filed a voluntary petition under Chapter 7 in this Court on October 27, 2011. The Plaintiffs timely filed their Complaint to determine the dischargeability of the above debts. On April 6, 2012, the Plaintiffs filed their Motion for Summary Judgment. The Defendant filed an Opposition. The Court heard the arguments of the parties on June 12, 2012. The matter is now ripe for a decision.

## Conclusions of Law

This is an action to determine the dischargeability of debts under Section 523 of the Bankruptcy Code. The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the Order of Reference from the United States District Court for the Eastern District of Virginia, dated August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

    *1. Collateral Estoppel.*

The Plaintiffs move for summary judgment, arguing that the State Court Order is entitled to collateral estoppel. The Supreme Court has made it clear that collateral estoppel principles apply in Section 523 dischargeability cases. *Grogan v. Garner,* 498 U.S. 279, 284-85 (1991). The collateral estoppel effect of a State Court judgment is determined under 28 U.S.C. § 1738, which provides in part:

> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
>
> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738.

The federal courts, as a matter of full faith and credit, under 28 U.S.C. § 1738, must give a State Court judgment the same preclusive effect "'as the courts of such State'" would give. *Heckert v. Dotson (In re Heckert)*, 272 F.3d 253, 257 (4th Cir. 2001) (quoting 28 U.S.C. § 1738). *See also Pahlavi v. Ansari (In re Ansari)*, 113 F.3d 17, 19 (4th Cir. 1997) ("[I]n order to determine whether the bankruptcy court correctly applied collateral estoppel principles, we must examine the law of Virginia, where the judgment relied upon originated").

In Virginia, the following elements must be shown for a judgment order to have preclusive effect:

4

> For [collateral estoppel] to apply, the parties to the two proceedings, or their privies, must be the same; the factual issue sought to be litigated actually must have been litigated in the prior action and must have been essential to the prior judgment; and the prior action must have resulted in a valid, final judgment against the party sought to be precluded in the present action. Additionally, collateral estoppel in Virginia requires mutuality.

*TransDulles Ctr., Inc. v. Sharma,* 252 Va. 20, 22-23, 472 S.E.2d 274, 275 (1996) (citations omitted).

Here, there is no question that the parties are the same. Further, there can be no real question that the factual issues litigated in the State Court were essential to the judgment. The Order is a valid, final judgment, and there is mutuality in this case.

The Debtor argues that the facts were not "actually litigated," because the Order entering judgment was by default. However, the *TransDulles* case made it clear that a default judgment can form the basis for collateral estoppel where the issues are actually litigated on default. *See TransDulles*, 252 Va. at 23 ("Virginia law does not support a blanket exemption from the application of collateral estoppel in the case of a default judgment"). Moreover, this case is analogous to the *Ansari* case. In that case, the Debtor extensively litigated the issues of breach of fiduciary duty and failure to account for funds entrusted to him. *Ansari*, 113 F.3d 17. At some point in the litigation, the Circuit Court entered a default against the Debtor, as a discovery sanction. *Id.* at 18. The Fourth Circuit, relying on *TransDulles*, upheld the application of collateral estoppel to the judgment, stating that "there was much more evidence before the state court in this case than in *TransDulles*, and the parties here certainly engaged in more extensive and two-sided litigation of the relevant issues." *Id.* Here, as in *Ansari*, the matter was actually litigated before the Circuit Court. *See* Order, p. 2 ("The case before the Court on the 14th of February 2011 was . . . *for a trial on the merits* of the case against Defendant Eduardo Santos.

Eduardo Santos failed to appear at trial on February 14, 2011 and the Court confirmed his knowledge of the trial date. It appearing to the Court *from the evidence and testimony taken at trial. . .*") (emphasis added).

The question comes down to whether the issues are the same; specifically: (a) whether the findings by the State Court of a "breach of fiduciary duty" are the same kinds of fiduciary duties addressed by Section 523(a)(4) of the Bankruptcy Code; and (b) whether the State Court's findings of embezzlement and theft are sufficient to be preclusive in this action under Bankruptcy Code Section 523(a)(4). The Court concludes that, with respect to the alleged breach of fiduciary duty, the Plaintiffs have not met their burden on summary judgment. Further, with respect to the alleged theft of office furniture, the Court concludes that the Plaintiffs have not met their burden on summary judgment. However, the Court concludes that the State Court's findings of embezzlement of funds and knowing and wrongful theft of clients are entitled to collateral estoppel. Accordingly, summary judgment will be granted in part, with respect to the portions of the State Court Order discussed below.

2. *Summary Judgment.*

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Bankr.P. 7056. The moving party has the initial burden of showing that there are no material facts in dispute, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24 (1986). When the moving party has met its initial burden, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Whether a fact is material or not depends on the substantive law at issue in the case. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

    *3. Breach of Fiduciary Duty.*

Section 523(a)(4) of the Bankruptcy Code excepts from discharge debts that are incurred as a result of defalcation while acting in a fiduciary capacity. To succeed on a claim of fiduciary defalcation, "a creditor must ordinarily make a two-part showing: (1) that the debt in issue arose while the debtor was acting in a fiduciary capacity; and (2) that the debt arose from the debtor's fraud or defalcation." *Kubota Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 497 (4th Cir. 2008) (citation omitted). A defalcation "need not 'rise to the level of embezzlement'" – "even an innocent mistake which results in misappropriation or failure to account is sufficient." *Republic of Rwanda v. Uwimana (In re Uwimana)*, 274 F.3d 806, 811 (4th Cir. 2001) (quoting *Pahlavi v. Ansari (In re Ansari )*, 113 F.3d 17, 20 (4th Cir. 1997)).

The question here is whether the Debtor was acting in a fiduciary capacity, within the meaning of Section 523(a)(4). The term "fiduciary" under Section 523(a)(4) is limited to instances involving technical or express trusts. *Strack*, 524 F.3d at 497 n.6; *Harrell v. Mercant's Express Money Order Co. (In re Harrell)*, 173 F.3d 850, No. 98-1728, 1999 WL 150278 (4th Cir. Feb. 19, 1999). Accordingly, the exception applies only to a debt created by a person who was already a fiduciary at the time that the debt was created. *KMC Factoring, L.L.C. v. McKnew (In re McKnew),* 270 B.R. 593, 624 (Bankr. E.D. Va. 2001); *Global Express Money Orders, Inc. v. Davis (In re Davis)*, 262 B.R. 673, 682 (Bankr. E.D. Va. 2001).

Although the term "fiduciary capacity" is determined under federal common law, *Harrell,* 1999 WL 150278, at * 3, the court will look to State law for guidance. *See Strack*, 524

F.3d at 498 ("in determining whether such a trust was established, we look to the law of the Commonwealth of Virginia"); *Airlines Reporting Corp. v. Ellison (In re Ellison),* 296 F.3d 266, 271 (4th Cir. 2002) ("[T]he Ellisons, when acting as officers and directors of Sovereign Travel, 'occupied a fiduciary relationship toward [Sovereign Travel]' under West Virginia law"); *McKnew*, 270 B.R. at 628 ("To determine the existence of a fiduciary relationship under § 523(a)(4), a court must apply federal law. However, state law is relevant to this inquiry") (citations omitted).

In this case, the Defendant concedes in his Opposition that "Toppleberg and Malbin were 'partners' with Santos in the creation and operation of a credit repair business." Defendant's Opposition, p. 6. The Defendant argues, however, that the fact that the parties may have been partners is insufficient to create a fiduciary duty, citing to such cases as *Sager v. Lewis (In re Lewis),* 94 B.R. 406, 410 (Bankr. E.D. Va. 1988), and *Clark v. Taylor (In re Taylor),* 58 B.R. 849, 852 (Bankr. E.D. Va. 1986), for the proposition that the definition of "fiduciary" for purposes of Section 523(a)(4) excludes such parties as "agents, bailees, brokers, factors, and partners." Defendant's Opposition, pp. 5-6. In *Strack*, however, the Fourth Circuit noted that it had not yet had the opportunity to determine, in a published opinion, the contours of the term "fiduciary" as used in Section 523(a)(4). 524 F.3d at 497 n.6. It may be that the reference to "partners" in the foregoing cases needs to be re-examined. *See* Va. Code § 50-73.102(B)(1) (requiring that partners "account to the partnership and hold as trustee for it any property, profit, or benefit derived by the partner in the conduct and winding up of the partnership business or derived from a use by the partner of partnership property"); *Roark v. Hicks*, 234 Va. 470, 362 S.E.2d 711 (1987) (holding that "'[t]he relationships and duties of joint venturers and partners, toward one another, are essentially the same,'" (quoting *Burruss v. Green Auction Co.*, 228 Va.

6, 10, 319 S.E.2d 725, 727 (1984)), and that "[l]ike partners, joint venturers have a fiduciary relationship among themselves which 'begins with the opening of the negotiations for the formation of the syndicate, applies to every phase of the business which is undertaken, and *continues until the enterprise has been completely wound up and terminated*'" (quoting *Horne v. Holey*, 167 Va. 234, 239, 188 S.E. 169, 172 (1936) (emphasis in original))); *Klotz v. Klotz*, 202 Va. 393, 400, 117 S.E.2d 650, 656 (1961) ("The relationship of partners is of a fiduciary character and imposes upon them the obligation to exercise good faith and integrity in their dealings with one another in the partnership affairs."). Other courts have held that partners have fiduciary duties to each other, for purposes of Section 523(a)(4). *See FNFS, Ltd. V. Harwood (In re Harwood)*, 637 F.3d 615 (5th Cir. 2011); *Ragsdale v. Haller,* 780 F.2d 794 (9th Cir.1986).

In this case though, the entire discussion of the fiduciary duties of partners arises from the parties' imprecise description of their legal relationship to one another. In fact, they were not partners. They were members of a Virginia limited liability company, The Credit Experts, LLC. Accordingly, the Court will analyze the fiduciary duty issue under the laws governing limited liability companies.

Limited liability companies can be member-managed, or manager-managed. Va. Code § 13.1-1022(A) ("Except to the extent that the articles of organization or an operating agreement provides in writing for management of a limited liability company by a manager or managers, management of a limited liability company shall be vested in its members"). Members in member-managed LLC's, and managers in manager-managed LLC's, have fiduciary obligations. J. William Callison & Maureen A. Sullivan, *Limited Liability Companies: A State-by-State Guide to Law and Practice* § 8.7 (2011). "Generally, [these] fiduciary duties run to the LLC, and not to the members." *Id. See also Gowan v. Granite Depot, LLC*, 272 Va. 246, 634 S.E.2d

714 (2006) (managing member had fiduciary duties to LLC); *Flippo v. CSC Associates*, LLC, 262 Va. 48, 56, 547 S.E.2d 216, 221 (2001) (managing member of limited liability company has fiduciary duties similar to a corporate director, specifically, "to discharge his duties in accordance with his 'good faith business judgment of the best interests of the limited liability company'" (quoting Va. Code § 13.1-1024.1(A))).

With respect to non-managing members, on the other hand, Judge Mayer of this Court held in *In re Garrison-Ashburn, LC*, as follows:

> Unlike partnerships, there are no fiduciary obligations among members. The Virginia Code imposes a duty of "good faith business judgment of the best interests of the limited liability company" on managers but is silent as to members. VA. CODE ANN. § 13.1–1024.1(A). Moreover, members may, by express provision of the Virginia Limited Liability Company Act, transact business with a company of which they are a member on the same basis as a non-member. VA. CODE ANN. § 13.1–1026. *Cf.* VA. CODE ANN. § 50–73.102(B), (D). The absence of any statutory fiduciary obligation of one member to another or to the company is significant. Limited liability companies are statutory creations, not common-law creations like partnerships. Fiduciary obligations are expressly provided in the Virginia Revised Uniform Limited Partnership Act, VA. CODE ANN. § 50–73.1 *et seq.,* and the Virginia Uniform Partnership Act, VA. CODE ANN. § 50–73.79 *et seq. See, e.g.,* §§ 50–73.29, 50–73.99, 50–73.101, 50–73.102. *See also* VA. CODE ANN. § 50–21 (repealed effective January 1, 2000).

253 B.R. 700, 709 n.7 (Bankr. E.D. Va. 2000). *See also In re Tsiaoushis*, No. 1:07cv436, 2007 WL 2156162 (E.D. Va. July 19, 2007) (under District of Columbia law, non-managing members have no fiduciary duties); *McKnew*, 270 B.R. at 628-29 ("The Virginia L.L.C. Act provides for general standards of conduct for a manager of a Virginia limited liability company, requiring that a manager discharge his duties in accordance with his good faith business judgment of the best interests of the limited liability company.  There is no such provision concerning members of a limited liability company; therefore, unlike partnerships, there are no fiduciary duties among members").

In this case, it is not clear from the Plaintiff's Motion, nor from the Circuit Court's Order, in what capacity the Debtor stood to The Credit Experts, LLC, i.e., whether he was a managing member of the LLC, or whether he was a member of a member-managed LLC. It is not clear what management duties, if any, the Debtor had. Further, it is not clear whether the Debtor was winding up the LLC, or whether the remaining members, Toppelberg and Malbin, intended to continue in the business after the Debtor's withdrawal. In short, the record is insufficient for the Court to determine whether or not the Debtor had fiduciary duties to The Credit Experts, LLC, and based on the aforementioned cases, the Court concludes that the Debtor had no fiduciary duties to Mr. Toppelberg or Ms. Malbin.

This, of course, does not mean that the Debtor was incapable of performing acts that can be characterized (and were by the Circuit Court) as embezzlement or larceny. These two prongs of Section 523(a)(4) are addressed below.

    *4. Embezzlement.*

Embezzlement is "'the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come.'" *Direct Capital Group, LLC v. Hadley (In re Hadley)*, No. 09-07141-FJS, 2011 Bankr. LEXIS 3194, at *34 (Bankr. E.D. Va. Aug. 19, 2011) (citing *KMK Factoring, L.L.C., et al. v. McKnew* (*In re McKnew*), 270 B.R. 593, 631 (Bankr. E.D. Va.2001)). "The elements for embezzlement are (1) debtor's appropriation of property for debtor's benefit, and (2) appropriation with fraudulent intent or by deceit." *Weigend v. Chwat (In re Chwat)*, 203 B.R. 242, 248 (Bankr. E.D. Va. 1996) (citing *Clark v. Taylor (In re Taylor),* 58 B.R. 849, 855 (Bankr. E.D. Va.1986)).

The Debtor argues that the "fraudulent intent" requirement for embezzlement has not been satisfied. Debtor's Opposition, pp. 7-8. In the *McKnew* case, the Court noted:

> The proper inquiry for the court concerning the intent of the debtor is whether there is "intent to convert, not intent to harm." *In re Taylor*, 58 B.R. 849 at 855. Thus, ill will toward the plaintiff is unnecessary and a plaintiff "need not prove that the debtor acted out of spite, ill will, or hatred in order to prove embezzlement within the meaning of section 523(a)(4)." *Id.*

*McKnew*, 270 B.R. at 632.

Here, the Circuit Court's Order found Mr. Santos liable for "the *knowing* embezzlement of funds," in the amount of $24,169.00. Order, p. 3 (emphasis added). The State Court's use of the word "knowing" in its Order satisfies the element of fraudulent intent. Accordingly, the State Court judgment in the amount of $24,169 for embezzlement is entitled to collateral estoppel in this Court. That amount will be held to be non-dischargeable under the embezzlement prong of 11 U.S.C. § 523(a)(4).

    *5. Larceny.*

"Larceny is defined as the 'fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner.'" *In re Criswell*, 52 B.R. 184, 202 (Bankr. E.D. Va. 1985) (quoting *In re Graziano*, 35 B.R. 589, 594 (Bankr. E.D.N.Y. 1983)). *See also Caviness v. Lane (In re Lane)*, 445 B.R. 555, 565 (Bankr. E.D. Va. 2011); *KMK Factoring, L.L.C., et al. v. McKnew (In re McKnew)*, 270 B.R. 593, 631 (Bankr. E.D. Va. 2001).

There is no meaningful distinction between "knowing and wrongful theft," as found by the Circuit Court with respect to the award of $18,676.00, Order, p. 3, and "larceny" under Section 523(a)(4). Courts have viewed the term theft to be synonymous with larceny, for purposes of Section 523(a)(4). *See Martin v. Hauck (In re Hauck)*, 466 B.R. 151, 166 (Bankr. D. Colo. 2012) (stipulated judgment of "civil theft" sufficient to support non-dischargeability under the larceny portion of Section 523(a)(4)); *In re Seuzeneau*, No. 10-1133, 2011 WL 6258306, at

\*3 (Bankr. E.D. La. Dec. 15, 2011) ("'Larceny is commonly understood to be synonymous with theft'" (quoting *McDowell v. McDowell (In re McDowell)*, No. 09-1102, 2010 WL 3790318, at \*8 (Bankr. E.D. Tenn. Sept. 22, 2010))); *Baytherm Insulation, Inc. v. Carlson (In re Carlson)*, 456 B.R. 391, 400 (Bankr. E.D. Wis. 2011) ("Theft is synonymous with 'larceny;'" holding liability under Wisconsin "theft by contractor" statute to be non-dischargeable under Section 523(a)(4)); *In re Anderson*, No. 09-07034, 2010 WL 1979277, at \*2 (Bankr. D.N.D. May 17, 2010) (conviction for "theft of property" not dischargeable under Section 523(a)(4)); *In re Taylor*, No. 07-1003-TJC, 2009 WL 3398711, at \* 8 (Bankr. D. Md. Oct. 2, 2009) (the Maryland common law elements of larceny or theft are "practically identical to the federal elements of larceny").

Accordingly, the State Court judgment of $18,676.00 for "knowing and wrongful theft" is entitled to collateral estoppel. *See* Order, p. 3. Again, the Circuit Court's use of the term "knowing and wrongful" satisfies the requirement of fraudulent intent under Section 523(a)(4). This amount will be held to be non-dischargeable under Bankruptcy Code Section 523(a)(4).

The State Court's Order finding the Debtor liable for "the theft of certain office equipment" in the amount of $2,850.00, however, is not entitled to collateral estoppel. *See* Order, p. 2. Here, the State Court did not make a finding of fraudulent intent while committing the theft. Accordingly, the Court is unable to conclude that the Debtor committed larceny, i.e., "knowing and wrongful" theft. This amount will not be held to be non-dischargeable under Bankruptcy Code Section 523(a)(4) at this time.

6. *The Treble Damages.*

In *Cohen v. De La Cruz*, the Supreme Court evaluated the appropriateness of holding treble damages to be non-dischargeable under Section 523(a)(2)(A). 523 U.S. 213 (1998).

Noting that "each use of 'debt for' in § 523(a) serves the identical function of introducing a category of nondischargeable debt," the Supreme Court upheld the order of non-dischargeability. This Court sees no reason why treble damages should be treated any differently under Section 523(a)(4). *See Petty v. Petty (In re Petty)*, 333 B.R. 472, 478 (Bankr. M.D. Fla. 2005) (holding treble damages to be non-dischargeable under 11 U.S.C. § 523(a)(4)); *Voyatzoglou v. Hambley (In re Hambley)*, 329 B.R. 382, 402-403 (Bankr. E.D.N.Y. 2005); *DirecTV, Inc. v. Karpinsky (In re Karpinsky)*, 328 B.R. 516, 528 (Bankr. E.D. Mich. 2005); *Federal Ins. Co., v. Gilson (In re Gilson)*, 250 B.R. 226, 241 (Bankr. E.D. Va. 2000). Accordingly, the entire amount of the treble damages awarded by the Circuit Court, other than the $2,500 for the violation of the Court's Order, and the $999 for the database, discussed below, will be held to be non-dischargeable.

    7. *Additional Amounts Not Held to be Non-Dischargeable.*

Finally, there are two additional elements of the State Court Order for which summary judgment will not be granted: the $999 for the database, and the $2,500 for the breach of Judge Farris's Order.

For the reasons stated above, the Court cannot find either of these amounts to be non-dischargeable pursuant to an alleged breach of fiduciary duty. Further, although the Plaintiffs allege that the $2,500 judgment is non-dischargeable for willful and malicious injury, pursuant to 11 U.S.C. § 523(a)(6), the State Court's Order does not in this instance allow the Court to conclude, based on collateral estoppel, that the amount is non-dischargeable. Moreover, there are material issues of fact that preclude the entry of summary judgment on the Section 523(a)(6) claim.

With regard to the Plaintiff's assertion that the $2,500 is non-dischargeable "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental

14

unit," pursuant to 11 U.S.C. § 523(a)(7), the Court concludes that here, as well, there are material issues of fact that preclude the entry of summary judgment. Moreover, because the State Court Order explicitly made the $2,500 payable to The Credit Experts, LLC, and not to a governmental unit, the Plaintiffs' ability to prevail on a Section 523(a)(7) claim seems unlikely.

Accordingly, for the reasons stated above, a determination as to whether the $999 and $2,500 amounts are non-dischargeable will be reserved for a later date.

## Conclusion

For the foregoing reasons, summary judgment will be denied with respect to (a) Count III, the alleged non-dischargeability of the $999.00 judgment entered against the Defendant and in favor of The Credit Experts, LLC for the breach of fiduciary duty in taking the client list, which required the construction of a new database; (b) Count V, the alleged non-dischargeability of the $2,500.00 judgment entered against the Defendant and in favor of The Credit Experts, LLC for violating Judge Farris' Order of November 5, 2010; and (c) Count VI, the alleged non-dischargeability of the $2,850.00 judgment entered against the Defendant and in favor of Alan Toppelberg and Susan Malbin for the alleged theft of office furniture.

Summary judgment will be granted with respect to (a) Count I, the alleged non-dischargeability of the $24,169.00 judgment entered against the Defendant and in favor of The Credit Experts, LLC for the knowing embezzlement of funds; (b) Count II, the alleged non-dischargeability of the $18,676.00 judgment entered against the Defendant and in favor of The Credit Experts, LLC for the knowing and wrongful theft of clients; and (c) Count IV, the alleged non-dischargeability of the judgment trebling the aforementioned $24,169.00 judgment and $18,676.00 judgment, which was entered against the Defendant and in favor of The Credit Experts, LLC. In total, therefore, $128,535.00 (the State Court Order for $24,169.00 and

$18,676.00, trebled to $128,535.00) will be held non-dischargeable pursuant to 11 U.S.C. §

523(a)(4). A separate Order shall issue.

Date: _____          _____
                                        Brian F. Kenney
                                        United States Bankruptcy Judge

Copies to:

The Credit Experts, LLC
1346 Old Bridge Road, 2nd Floor
Woodbridge, VA 22192
Plaintiff

Alan S. Toppelberg
1346 Old Bridge Road, 2nd Floor
Woodbridge, VA 22192
Plaintiff

Susan J. Malbin
1346 Old Bridge Road, 2nd Floor
Woodbridge, VA 22192
Plaintiff

R. Harrison Pledger, Jr., Esquire
Pledger & Associates. PLC
P.O. Box 506
Lovettsville, VA 20180
Counsel for the Plaintiffs

Richard G. Hall, Esquire
7369 McWhorter Place
Suite 412
Annandale, VA 22003
Counsel for the Plaintiffs

Eduardo Santos
6003 Brandon Avenue
Springfield, VA 22150-2408
Defendant

Juan Ever Milanes, Esquire
Law Offices of Juan E. Milanes, PLLC
1831 Wiehle Avenue, Suite 105
Reston, VA 20190-5220
Counsel for the Defendant